UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  CR05-366-RSL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | SUMMARY REPORT OF U.S. |
| | ) | MAGISTRATE JUDGE AS TO |
| LISE BUSCHER, | ) | ALLEGED VIOLATIONS |
| | ) | OF SUPERVISED RELEASE |
| Defendant. | ) | |
| _____ | ) | |

An evidentiary hearing on supervised release revocation in this case was scheduled before me on May 1, 2007.  The United States was represented by AUSA Mark Parrent and the defendant by Jay Stansell.  The proceedings were digitally recorded.

Defendant had been sentenced on or about April 16, 2004 by the Honorable Marvin Katz in the Eastern District of Pennsylvania on a charge of Mail Fraud and Wire Fraud, and sentenced to 12 months custody, three years supervised release. (Dkt. 4, page 12). The case was transferred to this District for supervision on September 29, 2005. (Dkt. 1.)

The conditions of supervised release included the standard conditions plus the requirement that defendant pay restitution in the amount of $28,290.00.

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -1

On July 3, 2006, the conditions of supervision were modified to require residence in a halfway house for up to 120 days. (Dkt. 13.)  On July 13, 2006, the defendant admitted violating the conditions of supervision by committing the crime of unlawful issuance of bank checks, failing to notify the probation officer within 72 hours of being arrested, failing to follow the instructions of the probation officer, failing to submit truthful and complete monthly reports, failing to pay restitution, failing to notify third parties as required, and being self-employed and accepting employment without approval of her probation officer. (Dkt. 15.).  Defendant was required to reside in a halfway house for up to 270 days and supervised release was reimposed for 34 months. (Dkt. 20, 21).  Additional conditions of release were imposed requiring defendant to submit to drug testing, and abstain from the use of alcohol and participate in alcohol treatment.

On February 16, 2007, defendant's probation officer reported that she had used alcohol on two occasions.  She was reprimanded, placed in a structured testing program, and the frequency of testing was increased.  No further action was taken at the time. (Dkt. 22.)

In an application dated April 5, 2007 (Dkt. 23), Senior U.S. Probation Officer Jennifer J. Tien alleged the following violations of the conditions of supervised release:

1. Using alcohol on or before February 3 and 10th, 2007 in violation of the special condition that she abstain from alcohol.

2. Failing to submit monthly supervision reports for the months of December 2006, January, February and March 2007, in violation of standard condition number two.

3. Failing to report to U.S. Probation as instructed on Monday, April 2, 2007 and Tuesday, April 3, 2007 in violation of standard condition number two.

4. Failing to attend MRT (Moral Reconation Therapy) since January 2007 as

instructed in violation of the special condition of mental health aftercare.

      5.    Failing to report change in residence since March 22, 2007 or employment 10 days prior to any change in residence or employment in violation of standard condition number six.

Defendant was advised in full as to those charges and as to her constitutional rights.

Defendant admitted the alleged violations and waived any evidentiary hearing as to whether they occurred. (Dkt. 31.) Defendant explained that with regard to violation number 3, she admitted that she did not report as directed, but that she had called her probation officer to say that she could not attend the meeting. She admitted that she did not follow up to reschedule the meeting. With regard to violation number 5, defendant admitted that she had spent the time period of March 30 to April 12, 2007 with a friend in Anacortes, and not at her residence.

I therefore recommend the Court find defendant violated her supervised release as alleged, and that the Court conduct a hearing limited to the issue of disposition. The next hearing will be set before Judge Lasnik.

Pending a final determination by the Court, defendant has been detained.

DATED this 1st day of May, 2007.

Mary Alice Theiler
United States Magistrate Judge

cc:    District Judge:        Honorable Robert S. Lasnik
      AUSA:                 Mark Parrent
      Defendant's attorney:  Jay Stansell
      Probation officer:     Jennifer J. Tien