UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. CR05-366-RSL |
| Plaintiff, ) | |
| ) | |
| v. ) | SUMMARY REPORT OF U.S. |
| ) | MAGISTRATE JUDGE AS TO |
| LISE BUSCHER, ) | ALLEGED VIOLATIONS |
| ) | OF SUPERVISED RELEASE |
| Defendant. ) | |
| ) | |

An evidentiary hearing on a Second Supplement Violation of supervised release was held before the undersigned Magistrate Judge on December 10, 2008. The United States was represented by Assistant United States Attorney Tate London, and the defendant by Kenneth Kanev. The proceedings were digitally recorded.

The defendant had been charged and convicted of Mail Fraud and Wire Fraud, in violation of 18 U.S.C. § 1341 and 1343, respectively. On or about April 16, 2004, defendant was sentenced by the Honorable Marvin Katz in the Eastern District of Pennsylvania to a term of twelve (12) months in custody, to be followed by three (3) years of supervised release. On September 29, 2005, the Honorable Robert S. Lasnik signed an order transferring jurisdiction of defendant's supervised release to this District.

The conditions of supervised release included the standard conditions plus the requirement that defendant pay restitution in the amount of $28,290.

On July 3, 2006, the conditions of supervision were modified to require residence in a halfway house for up to 120 days. (Dkt. 13.) On July 13, 2006, the defendant admitted

violating the conditions of supervision by committing the crime of unlawful issuance of bank checks, failing to notify the probation officer within 72 hours of being arrested, failing to follow the instructions of the probation officer, failing to submit truthful and complete monthly reports, failing to pay restitution, failing to notify third parties as required, and being self-employed and accepting employment without approval of her probation officer. (Dkt. 15.). Defendant was required to reside in a halfway house for up to 270 days and supervised release was reimposed for 34 months. (Dkt. 20, 21). Additional conditions of release were imposed requiring defendant to submit to drug testing, and abstain from the use of alcohol and participate in alcohol treatment.

On February 16, 2007, defendant's probation officer reported that she had used alcohol on two occasions. She was reprimanded, placed in a structured testing program, and the frequency of testing was increased. No further action was taken at the time. (Dkt. 22.)

On May 1, 2007, defendant admitted violating the conditions of supervision by using alcohol, failing to file monthly reports, failing to report to her probation officer as directed, failure to attend Moral Reconation Therapy (MRT) and failing to report a change in residence. (Dkt. 32.) Defendant was sentenced to 75 days imprisonment (with credit for time served) followed by 33 months supervised release, to include residence in a residential reentry center program for up to 120 days. (Dkt. 36.) Defendant's supervision was modified on October 11, 2007 to require up to an additional 60 days in the residential reentry center. (Dkt. 37.)

On July 14, 2008, defendant admitted violating the conditions of supervision as to violation Nos. 1, 2, 3 and 4. Disposition on these violations is pending. (Dkt. 53)

In a Supplemental Violations Report dated July 15, 2008, defendant's probation officer reported an additional violation No. 5. (Dkt 56) The government moved to dismiss violation No. 5 and the Court granted the motion. (Dkt. 64)

In a Second Supplemental Violation Report, dated October 3, 2008, U.S. Probation

Officer Jennifer J. Tien asserted the following violation by defendant of the conditions of her supervised release:

> 6) Committing the crime of Unlawful Issuance of Bank Checks, in Skagit County, Washington, on or about and between June 14, 2008 and July 2, 2008, in violation of the general condition that she not commit any federal, state or local crimes.

On October 15, 2008, defendant made her initial appearance. The defendant was advised of the allegation and her rights. On December 10, 2008, defendant appeared for an evidentiary hearing on the alleged violation No. 6. The government proferred Ex.1 and testimony to which defense did not object. Defense did not put on evidence. On that basis, defendant is found to have committed the violation as alleged.

I therefore recommend that the Court find the defendant to have violated the terms and conditions of her supervised release as to violation number 6, and that the Court conduct a hearing limited to disposition. A disposition hearing on violations 1, 2, 3, 4 and 6 has been set before the Honorable Robert S. Lasnik on February 5, 2009, at 8:30 a.m.

Pending a final determination by the Court, the defendant has been detained.

DATED this 11th day of December, 2008.

_JAMES P. DONOHUE_
United States Magistrate Judge

cc: District Judge: Honorable Robert S. Lasnik
AUSA: Mr. Tate London
Defendant's attorney: Mr. Kenneth Kanev
Probation officer: Ms. Jennifer J. Tien